## Sayers, Appellant, v. Kent.

*Oil and gas lease—Forfeiture—Payment of royalty.*

Where an oil and gas lease provides that forfeiture might be prevented by the lessee paying to the lessor a certain sum at a certain bank on or before a certain date, the lease will not be declared forfeited where it appears that the lessee presented himself on the day before the date mentioned in the lease at the bank, and having learned there that the lessor was not in town and would not be at the bank for several days following, left with the cashier of the bank a check drawn to the order of the lessor for the full amount of the rental due, which check the cashier said he would receive as cash, and credit to the account of the lessor in the bank, and which was so received and credited.

Argued Oct. 21, 1901. Appeal, No. 95, Oct. T., 1901, by plaintiff, from decree of C. P. Greene Co., No. 40, in Equity, dismissing bill in equity in case of E. M. Sayers v. Spencer B. Kent. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity to cancel an oil and gas lease.

Crawford, P. J., filed the following opinion:

The bill in this case prays for the cancellation and surrender of a certain oil and gas lease executed by the plaintiff and delivered to the defendant, the plaintiff alleging that the same has been forfeited by noncompliance with its terms in the payment of the first quarterly rental due. From the bill, answer and evidence submitted, we find the following facts:

1. On January 13, 1900, the plaintiff, E. M. Sayers, executed and delivered to S. B. Kent, defendant, a lease for the purpose of drilling or operating for oil, gas or water, on a tract of land situate in Franklin township, Greene county, Pa., containing 209 acres more or less, which said lease contains the following stipulation: "In case no well is commenced in thirty days from this date then this grant shall immediately become null and void as to both parties. Provided that second party may prevent such forfeiture from quarter to quarter and no longer by paying to the first party in advance fifty-two and twenty-five hundredths (52.25) dollars at Farmers & Drovers Bank until said well is commenced. All moneys that may become due under this grant payable to E. M. Sayers aforestated." This lease was recorded May 8, 1900, in deed book No. 4, page 221, in recorder's office of Greene county, Pa.

2. On February 12, 1900, the said S. B. Kent, defendant, not having commenced a well on said premises, called at the Farmers and Drovers National Bank of Waynesburg, Pa., and was informed by Mr. Rhinehart, the cashier, that Mr. Sayers, the president of the bank, was not in town, but had taken the 6 o'clock train that morning for Phillippi, West Virginia, and would not return for some days. Kent then told the officers of the bank present that he had come to pay Mr. Sayers a rental of $52.25 that would be due on the following day on the oil lease received from Mr. Sayers.

3. Kent presented a check drawn by himself on the Peoples National Bank of Waynesburg, payable to the order of Mr. Sayers for the amount of rental due, which amount he wished placed to the credit of Mr. Sayers in the bank. Mr. Sayers not being present, or in town on that day to receive the rental due, Kent left the check with Mr. Rhinehart, the cashier of the Farmers & Drovers Bank, who informed him that it would be accepted as cash and placed to the individual account of E. M. Sayers.

4. Kent was informed by the officers of both the Peoples Bank and of the Farmers and Drovers Bank that the method of paying rentals by checks was one usually adopted by parties in such transactions. At the time Kent drew this check he had ample funds in the bank upon which it was drawn to pay the same. In settling accounts between the two banks some objec-

tion was made to the payment of the check by the Peoples Bank, because it did not bear the indorsement of E. M. Sayers, but when it was learned that Mr. Sayers was absent from town and the amount of the check had been credited to his cash account at the Farmers and Drovers Bank, the check was promptly paid.

5. On his return home, Mr. Sayers was notified that the amount of his rental, $52.25, had been deposited to his credit by S. B. Kent, on February 12, 1900. Mr. Sayers refused to accept it, saying that he repudiated the whole thing, and directed the cashier not to receive any more rentals on said lease, or to place any more payments thereof to his credit in his account in the bank.

6. The defendant, Kent, called at the Farmers and Drovers Bank on May 8, 1900, and again on August 12, 1900, to pay the rentals due on May 13 and August 13, 1900, and was informed by the cashier that Mr. Sayers had refused to accept any rentals on the lease, and had notified the bank not to receive any more payments from him on said lease, and that he would not take them himself for he had repudiated the whole thing. Kent, however, left certified checks for the amount of rental due at these last mentioned dates and the same are still in the custody of the Farmers and Drovers Bank.

## CONCLUSION OF LAW.

1. The lease in this case having provided that forfeiture might be prevented by the defendant paying to the plaintiff the sum of $52.25, at the Farmers & Drovers National Bank of Waynesburg, on or before February 13, 1900, and the defendant having presented himself on February 12, at said bank, and having learned there that the plaintiff was not in town, would not be at the bank for several days following; and having at that time left with the cashier of the bank a check drawn to the order of E. M. Sayers for the full amount of rental due, which check the cashier said he would receive as cash and credit to the account of Mr. Sayers in the bank, and which was so received and credited, we find under these circumstances that the payment made in this manner was a valid and legal payment and sufficient in law and equity to prevent a forfeiture of the rights required by the defendant in the said lease, and we further find that the plaintiff's absence at the time and his refusal on his

return to receive said payment, are insufficient in law and equity to support his bill of complaint, or to warrant the court in declaring his contract forfeited.

2. The plaintiff's bill is therefore dismissed at his costs.

*Error assigned* was the decree of the court.

*A. H. Sayers*, with him *Joseph Patton*, for appellant.

*J. A. J. Buchanan* and *D. S. Walton*, for appellee, were not heard.

PER CURIAM, November 8, 1901:

The learned judge of the court below justly held that the payment made by the defendant was a valid and legal payment sufficient in law and equity to prevent a forfeiture of the rights acquired by the defendant in said lease.

The decree is therefore affirmed upon his opinion.